JOHN STEGE, Respondent, v. ADELBERT T. EMERSON, Appellant.

First Department, June 2, 1922.

Contracts — action by one of two inventors to recover from manufacturer share of royalties for one year — minimum amount of royalties fixed by contract — defense of modification of contract and of reassignment made after close of year — objection raised by answer would not dispose of action without proof on part of plaintiff — defendant's application for judgment under New York City Municipal Court Code, § 89, properly denied.

In an action by one of two inventors on a contract with the defendant, a manufacturer, to recover plaintiff's share of the minimum royalties for one year, it appeared that the contract provided for a minimum royalty regardless of the sales of the patented article, and that in case of the failure of the defendant to make the payments, the contract should terminate, and the defendant should retransfer his rights. The device was not a success and the royalties based on the sales made were about one-sixth of the minimum royalty stipulated for. The answer contained allegations as to a modification of the contract and as to its termination and a retransfer after the expiration of the year for which royalties were claimed.

Held, that a motion by the defendant for judgment under section 89 of the New York City Municipal Court Code on the ground that the objection raised to the complaint would dispose of the action without any proof on the part of the plaintiff was properly denied, for the plaintiff's right of action was based on the original contract to which the defendant has shown no defense either in the answer or in the affidavits upon which the motion was made, unless upon the trial the modification of the agreement could be established, but even in that case the defendant would be liable for the minimum royalty up to the date of the modification.

APPEAL by the defendant, Adelbert T. Emerson, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 24th day of June, 1920, affirming an order made by the Municipal Court, City of New York, Borough of Manhattan, Fifth District,

upon a motion by the defendant for judgment under section 89 of the New York City Municipal Court Code (Laws of 1915, chap. 279).

*W. Jay Ennisson* of counsel [*Sumner B. Stiles* with him on the brief], for the appellant.

*George Thoms,* for the respondent.

SMITH, J.:

This motion was denied in the Municipal Court and the decision was affirmed in the Appellate Term, and the matter is thus brought before us by appeal therefrom.

As appears in the complaint, two joint inventors, one the plaintiff and one Henry Krause, gave to the defendant an exclusive license to manufacture an article upon which a patent had been allowed, which device thus patented operated to stop automatically the running of the phonograph when the playing of the record had been completed. The defendant was to pay eight cents for each device sold, and stipulated that the minimum royalty should amount to $1,200 a year. The contract further provided that these payments should be made to these inventors jointly, and that, in case of the failure to make these payments, the contract should terminate and the defendant should retransfer his rights under the said patent to the said inventors. Thereafter Stege and Krause wrote a letter to the defendant, in which they divided the royalties and gave defendant directions that he might pay to Stege fifty-five per cent of the royalties, and to Krause forty-five per cent thereof. The device was not a success, and for the year ending September 3, 1917, at the rate of eight cents for each device sold, the royalty would amount to a little over $200. The plaintiff has sued the defendant for fifty-five per cent of the minimum amount of royalties up to September 3, 1917, after having given credit for the amount of moneys paid. There are allegations in the answer as to a modification of this contract and as to its termination and the retransfer of the rights secured under the original contract. It is not necessary here to decide what the rights of these joint inventors may be after the acceptance of the reassignment to Krause assuming to act in behalf of both of the inventors, because the royalties herein asked are simply the royalties that accrued prior to September 3, 1917, while the reassignment is alleged in the answer to have been made and the acceptance thereof by Krause in behalf of the two inventors some time in October, 1917. As to the cause of action alleged, therefore, for royalties that have become due upon September 3, 1917, the plaintiff's right must depend upon the original contract, to which the defendant has

shown no defense either in the answer or in the affidavits upon which the motion was made, unless the defendant should be able to show upon the trial a valid modification of the agreement as of June, 1917, which would, if established, relieve the defendant from the payment of royalties in excess of the amount received beyond that date. Up to that time, at least, the plaintiff would seem to be entitled to recover his percentage of those minimum royalties, and the objection raised would not dispose of the action without any proof on the part of the plaintiff, and section 89 of the New York City Municipal Court Code (Laws of 1915, chap. 279) is, therefore, inapplicable to the facts here presented.

The determination of the Appellate Term should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Determination affirmed, with ten dollars costs and disbursements.